IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARNELL LEE,                    :
                                :
    Movant/Defendant,           :
                                :
v.                              :   Civ. Act. No. 16-508-LPS
                                :   Cr. Act. No. 12-10-LPS
                                :
UNITED STATES OF AMERICA,       :
                                :
    Respondent/Plaintiff.       :

---

Tieffa N. Harper, Assistant Federal Public Defender, Office of the Federal Public Defender, District of Delaware, Wilmington, Delaware. Attorney for Movant.

Alexander Ibrahim, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**[1]

September 30, 2019
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Sue L. Robinson, and was reassigned to the undersigned's docket on August 30, 2017.

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Darnell Lee ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 26) The United States ("Respondent") filed an Answer in Opposition. (D.I. 32) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

In May 2012, Movant pled guilty to possessing a firearm as a person prohibited, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 17 at 1) In the Plea Agreement, Movant stipulated that the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(2)(A)) applied to his case and to the existence of three prior convictions for a violent felony or serious drug offense: (1) a 1994 Delaware conviction for possession with intent to deliver a narcotic schedule II substance; (2) a 2003 Delaware conviction for possession with intent to deliver a controlled substance; and (3) a 2007 Delaware conviction for aggravated menacing in violation of 11 Del. C. § 602(b). (D.I. 17 at 1-2) The Honorable Sue L. Robinson sentenced Movant to the mandatory minimum 180-month term of imprisonment because Movant's three prior felonies qualified him for enhanced penalties under the ACCA. (D.I. 19; D.I. 20; D.I. 23)

Movant filed the instant § 2255 Motion in June 2016, asserting that his 2007 Delaware conviction for aggravated menacing no longer qualifies as a "violent felony" under the ACCA after *Johnson v. United States*, 135 S.Ct. 2551 (2015). (D.I. 26 at 6) Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be dismissed as meritless because Movant's 2007 conviction still constitutes a "violent felony" under the ACCA. (D.I. 32 at 1-2)

## III. DISCUSSION

A person convicted under 18 U.S.C. § 922(g) faces a maximum sentence of 10 years. *See* 18 U.S.C. § 924(a)(2). The ACCA substantially increases the sentence to a mandatory minimum term of 15 years if the person has three previous convictions for a "violent felony or a serious drug offense, or both." *See* 18 U.S.C. § 924(e)(1). A prior offense qualifies as a "violent felony" under the ACCA if it is "punishable by imprisonment for a term exceeding one year" and it:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Subsection (i) above is known as the "elements clause" or "force clause;" the first portion of subsection (ii) – "burglary, arson, or extortion" – is known as the ACCA's "enumerated clause;" and the remainder of subsection (ii) is known as the ACCA's "residual clause." *See Stokeling v. United States*, 139 S.Ct. 544, 556 (2019). In 2015, the Supreme Court held that the ACCA's residual clause definition of a "violent felony" is unconstitutionally void for vagueness under the Due Process Clause. *See Johnson*, 135 S.Ct. at 2556-60. The Supreme Court made *Johnson* retroactively applicable on collateral review in *Welch v. United States*, 136 S.Ct. 1257, 1264 (2016). However, "*Johnson* did not disturb the other parts of the ACCA, including the ACCA's other two means of determining whether a potential predicate crime is a crime of violence: namely, the 'elements' [force] clause at § 924(e)(2)B)(i) dealing with the use or threatened use of force, and the 'enumerated offense' clause at § 924(e)(2)(B)(ii)." *United States v. Parks*, 237 F. Supp. 3d 229, 235 (M.D. Pa. 2017). The issue in this case is whether Movant's predicate crime of aggravated menacing under Delaware law is a "violent felony" under the ACCA's elements/force clause.

2

### A. Categorical/Modified Categorical Approach

Courts apply what is known as the "categorical approach" to determine if a prior conviction qualifies as a predicate violent felony under the ACCA's elements/force clause. *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under this approach, a federal "sentencing court may look only to the elements of a defendant's prior conviction, not to the particular facts underlying those convictions." *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). The relevant question is "whether the least culpable conduct covered by the statute at issue" forming the basis of the defendant's predicate conviction has as an element the use, attempted use, or threatened use of physical force. *See Stokeling*, 139 S.Ct. at 556. In order to determine what a statute covers under the categorical approach, federal courts rely on the interpretation of the offense issued by the courts of the state in question. *Id.*; *see also United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017). "If the elements of the prior conviction are identical to (or narrower than) the elements of the []ACCA crime, the prior conviction can serve as an ACCA predicate." *United States v. Daniels*, 915 F.3d 148, 150 (3d Cir. 2019). "But if the statute sweeps more broadly than the [] [ACCA's 'violent felony' definition], a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps v. United States*, 570 U.S. 254, 261 (2013); *see also Mathis v. United States*, 136 S.Ct. 2243, 2248-49 (2016) (explaining that, if state statute of conviction is indivisible, *i.e.*, elements define a single crime, and conduct criminalized under statute is broader than ACCA definition, a conviction for that crime may not be grounds for enhanced sentence).

To succeed under the categorical approach, a defendant must demonstrate "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a violent felony by "at least point[ing] to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *See Gonzales v.*

*Duenas-Alvarez*, 549 U.S. 183, 193 (2007). If "the law defines the crime in such a way that it can be committed using either violent or non-violent force, then the crime is not a violent felony under [the] ACCA, even if the defendant actually used violent force in committing the crime." *United States v. Haight*, 892 F.3d 1271, 1279 (D.C. Cir. 2018).

> The question for the sentencing court in the elements-clause context is whether every defendant convicted of that state or federal felony ***must have*** used, attempted to use, or threatened to use physical force against the person of another ***in order to have been convicted***, not whether the particular defendant ***actually*** used, attempted to use, or threatened to use physical force against the person of another ***in that particular case***. If the answer to that question is "no," and the statute forming the basis for the defendant's previous state or federal conviction criminalizes conduct that does not involve "the use, attempted use, or threatened use of physical force against the person of another," then a conviction under that statute may not serve as a violent-felony predicate under the elements clause, assuming that statute is an "'indivisible' statute – *i.e.*, one not containing alternative elements."

*United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019).

The categorical approach is used when the predicate offense statute is indivisible, *i.e.*, the statute for the predicate offense defines a single crime and does not contain alternative elements. In contrast, when the predicate offense statute is divisible, courts use a variant of the categorical approach, known as the "modified categorical approach," to determine what specific conduct led to the defendant's conviction. *See Descamps*, 570 U.S. at 257-58. A divisible statute defines multiple crimes and "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile." *Descamps*, 570 U.S. at 257-58. The modified categorical approach permits sentencing courts "to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 257. These documents, called *Shepard* documents, include "the indictment, jury instructions, or plea agreement and colloquy." *Mathis*, 136 S.Ct. at 2249. Notably, the modified categorical approach

4

only applies to statutes that list multiple alternative sets of *elements*, not statutes that list multiple alternative *factual means* of committing a single element.[2] *See Mathis*, 136 S.Ct. at 2249.

### B. The ACCA's Definition of Violent Felony

A prior state conviction is categorically a "violent felony" under the elements/force clause of the ACCA if the statute for the prior state conviction contains an element requiring at least the "use, attempted use, or threatened use of physical force." *Moore*, 916 F.3d at 240. The Supreme Court has interpreted the term "physical force" to denote "*violent* force." *See Johnson v. United States*, 559 U.S. 133, 132, 140 (2010) (hereinafter referred to as "*Johnson 2010*"). Violent force is "force exerted by and through concrete bodies" that is "capable of causing physical pain or injury to another person." *Johnson 2010*, 559 U.S. at 138-40; *see also United States v. Castleman*, 572 U.S. 157 (2014). In *Castleman*, the Supreme Court opined that "the word 'use' conveys the idea that the thing used (here, 'physical force') has been made the user's instrument." *Castleman*, 572 U.S. at 170-71. "Minor uses of force

---

[2]The *Mathis* Court explained how to discern if a statute lists alternative sets of elements as opposed to alternative factual means of committing a single element in the following manner:

> To use a hypothetical adapted from two of our prior decisions, suppose a statute requires use of a "deadly weapon" as an element of a crime and further provides that the use of a "knife, gun, bat, or similar weapon" would all qualify. Because that kind of list merely specifies diverse means of satisfying a single element of a single crime – or otherwise said, spells out various factual ways of committing some component of the offense – a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors "conclude[d] that the defendant used a knife" while others "conclude[d] he used a gun," so long as all agreed that the defendant used a "deadly weapon." And similarly, to bring the discussion back to burglary, a statute might – indeed, as soon discussed, Iowa's burglary law does – itemize the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score.

*Mathis*, 136 S. Ct. at 2249.

5

may not constitute 'violence' in the generic sense." *Id.* at 166. However, violent force may be applied "directly (*e.g.*, hitting a victim with a bat) or . . . indirectly (*e.g.*, throwing a brick at a victim)." *United States v. Ramos*, 892 F.3d 599, 611 (3d Cir. 2018). "Violent force" entails "more force than the slightest offensive touching,"[3] but "does not require any particular degree of likelihood or probability that the force used will cause pain or injury; only potentiality." *Stokeling*, 139 S.Ct. at 550.

### C. Delaware's Aggravated Menacing Statute

When Movant was convicted of aggravated menacing in 2007, Delaware's aggravated menacing statute provided:

> (b) A person is guilty of aggravated menacing when by displaying what appears to be a deadly weapon, that person intentionally places another person in fear of imminent physical injury. Aggravated menacing is a class E felony.

11 Del. C. § 602(b) (2007). The parties appear to agree that the categorical approach governs the analysis in this case.[4] The Court concurs, because Delaware's aggravated menacing statute is indivisible.[5]

To reiterate, the issue in this case is whether Movant's conviction for aggravated menacing constitutes a violent felony under the ACCA's elements/force clause. Movant contends that it does not because the state statute does not require the ***intentional*** use, attempted use, or threatened use of ***physical force*** against the person of another. (D.I. 29 at 14) (emphasis added) Although not

---

[3]*Johnson 2010*, 559 U.S. at 139.

[4]Respondent clearly states it is comparing "the elements of Delaware's aggravated menacing statute under the ***categorical*** approach to [the] ACCA's elements clause." (D.I. 32 at 3, 6) In turn, although Movant does not explicitly assert whether he is applying the categorical approach or the modified categorical approach, the manner of his presentation indicates he is applying the categorical approach.

[5]The Court concludes that the aggravated menacing statute is indivisible for two reasons: (1) § 602(b) lists a single set of elements that define a single crime; and (2) § 602(b) proscribes only one degree of aggravated menacing which is subject to the same maximum sentence, namely, the sentence for a class E felony.

entirely clear, Movant appears to believe that displaying a deadly weapon to intentionally place another person in fear of imminent physical injury, as required by the aggravated menacing statute, is not equivalent to intentionally using or threatening to use physical force, either because: (1) causing fear of imminent physical injury is not the equivalent of using or threatening to use violent force; or (2) displaying a deadly weapon is not the equivalent of intentionally using a deadly weapon. Respondent replies that a conviction under Delaware's aggravated menacing statute categorically qualifies as a "violent felony" because it necessarily involves the threatened use of physical force. (D.I. 32 at 3) For the reasons set forth below, after comparing the elements of Delaware's aggravated menacing statute with the elements of the ACCA's elements/force clause, the Court concludes that aggravated menacing under § 602(b) categorically qualifies as a crime of violence under the ACCA's elements/force clause.

Delaware's aggravated menacing statute does not mandate actual physical injury or contact; rather, it mandates that the victim be placed in fear of physical injury. Since the Third Circuit interprets a "violent felony" under the ACCA and a "crime of violence" under the Sentencing Guidelines as interchangeable concepts,[6] and also describes the "violent felony" inquiry under the ACCA and 18 U.S.C. § 16(a) as "analogous,"[7] the Court will examine the text of Delaware's § 602(b) and Delaware statutory definitions within the framework provided by applicable Third Circuit decisions.

In Delaware, "physical injury" is defined by statute as "impairment of physical condition or substantial pain." 11 Del. C. § 222(23). "Impairment of a physical condition" means "harm to the body that results in a reduction in one's ability to use the body or a bodily organ" and does not

---

[6] *See United Sates v. White*, 748 F. App'x 446, 448 (3d Cir. 2018).

[7] *Addo v. Att'y Gen.*, 355 F. App'x 672, 677 (3d Cir. 2009).

7

include "*de minimis*" injuries. *Williamson v. State*, 113 A.3d 159, 161 (Del. 2015). In turn, although the term "substantial pain" is given "its commonly accepted meaning," the Delaware Supreme Court has interpreted the phrase to require evidence of meaningful injuries (such as lingering pain, cuts and abrasions, swelling and bruising, limitations in movement, or broken bones). *Id.* at 160-62. Finally, Delaware statutory law defines "deadly weapon" as including a "firearm [], a bomb, a knife of any sort (other than an ordinary pocketknife carried in a closed position), switchblade knife, billy, blackjack, bludgeon, metal knuckles, slingshot, razor, bicycle chain or ice pick or any dangerous instrument . . . which is used, or attempted to be used, to cause death or serious physical injury." 11 Del. C. § 222(5).

Viewing these statutory definitions in context with relevant Third Circuit caselaw demonstrates that the degree of harm encompassed by Delaware's aggravated menacing statute parallels the degree of harm required under the ACCA's elements/force clause. For instance, in *United States v. Chapman*, the Third Circuit applied the reasoning in *Castleman* and held that a crime involving the threatened use of physical force qualifies as a crime of violence under the Sentencing Guidelines, whether or not the perpetrator struck the victim's body. *See United States v. Chapman*, 866 F.3d 129, 134-35 (3d Cir. 2017); *see also United States v. McCants*, 920 F.3d 169, 181 (3d Cir. 2019) (considering New Jersey's robbery statute). In *Ledoue v. Attorney General*, 462 F. App'x 162, 166 (3d Cir. 2011), the Third Circuit held that a violation of Delaware's aggravated menacing statute qualifies as a crime of violence under 18 U.S.C. § 16(a) because it "necessarily involves the threatened use of force."[8] In reaching this conclusion, the Third Circuit emphasized that Delaware's aggravated menacing statute requires "intentionally placing another person in fear of [] physical harm from what appears to be a deadly weapon," as opposed to requiring "the actual infliction of [] physical harm

---

[8]The only difference between § 16(a) and the ACCA's elements clause is the inclusion of the extra phrase "or property." *Compare* § 16(a) *with* 18 U.S.C. § 924(e)(2)(A).

8

from what appears to be a deadly weapon." *Id.* It added that, "[i]ntentionally threatening another with what is perceived to be a deadly weapon is inarguably threatening the victim with 'violent force,' as that phrase is defined in *Johnson*, irrespective of whether the threat can actually be fulfilled." *Id.* at 166.

Movant's vague suggestion that displaying a deadly weapon as required by § 602(b) does not result in the type of "violent force" contemplated under *Johnson* is unavailing. Since a conviction under § 602(b) requires proof of "specific intent to place another in fear of imminent physical injury," the *mens rea* required under § 602(b) satisfies the *mens rea* requirement. *See State v. Amad*, 767 A.2d 806, 810 (Del. Super. Ct. 1999), *overruled on other grounds by Poteat v. State*, 840 A.2d 599 (Del. 2003); *see also United States v. Fisher*, 421 F.Supp.2d 785, 795 (D. Del. 2006). In other words, a conviction for aggravated menacing cannot be obtained based on a showing of mere reckless or negligent display of a deadly weapon, nor upon a showing of mere possession.

Delaware's statutory definitions for "deadly weapon" and "intent" also support the conclusion that § 602(b) satisfies the ACCA's "threatened use" requirement. The specifically enumerated items (guns, knife, etc.) or generic "dangerous instruments" referenced in Delaware's "deadly weapon" definition only constitute deadly weapons if they are "used, or attempted to be used, to cause death or serious physical injury." 11 Del. C. § 222(5). Moreover, in Delaware, a "person is presumed to intend the natural and probable causes of the person's act,"[9] and a "person acts intentionally with respect to an element of an offense when [] it is the person's conscious object to engage in the conduct of that nature or to cause that result." 11 Del. C. § 231(b)(1). The fact that § 602(b) limits convictions to situations in which the threatened force occurs by showing what appears to be a deadly weapon capable of violence leading to serious physical pain or injury comports with the Third Circuit's holding in *Chapman* that the "use of physical force . . . involves the

---

[9] 11 Del. C. § 306(c)(1).

9

intentional employment of something capable of causing physical pain or injury to another person, regardless of whether the perpetrator struck the victim's body." 866 F.3d at 133. It also comports with the Supreme Court's holding in *Castleman* that the use of force encompasses the indirect application of force. *See* 1345 S.Ct. at 1415 (explaining that when, for example, defendant uses poison against another person, the relevant "'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm").

Further, § 602(b)'s requirement of "intentionally plac[ing] another person in fear of imminent physical injury" accords with the generally accepted definition of "threat," providing an additional reason for concluding that aggravated menacing involves the "threatened use of physical force" as required by the ACCA. *See, e.g., Black's Law Dictionary* 1327 (5th ed. 1979) (defining "threat" as "communicated intent to inflict physical or other harm on any person or on property" or "declaration of intention or determination to inflict punishment, loss, or pain or another, or to injure another by the commission of some unlawful [act]").

Finally, in *Ledoue*, when discussing Delaware's aggravated menacing statute in light of *Johnson 2010* and 18 U.S.C. § 16(a), the Third Circuit concluded that "[i]ntentionally threatening another with what is perceived to be a deadly weapon is inarguably threatening the victim with 'violent force,' as that phrase is defined in *Johnson [2010]*." 462 F. App'x at 166; *see also Chapman*, 866 F.3d at 135-36 (finding that element "threat to injure the person of the addressee or of another" necessarily threatens use of physical force and squarely falls within career offender enhancement's definition of "crime of violence"). While Movant is correct that *Ledoue* is a pre-*Johnson* case, that fact does not alter the outcome here. *See, e.g., United States v. Abdullah*, 905 F.3d 739, 748 (3d Cir. 2018) (post-*Johnson* holding that injury which must have been caused or attempted with deadly weapon "naturally involves the use, attempted use, or threat to use the type of violent physical force contemplated by

10

the guidelines' definition of 'crime of violence'"); *see also United States v. Burris*, 912 F.3d 386, 405 (6th Cir. 2019) (collecting cases).

Thus, after applying the reasoning from *Chapman, McCants, Ledoue,* and *Abdullah* to the instant situation, and having found no Delaware decision to the contrary, the Court concludes that a Delaware conviction for aggravated menacing offense pursuant to § 602(b) is properly classified as a "violent felony" under the ACCA's elements/force clause. Accordingly, the Court will deny Movant's § 2255 Motion as meritless.

## IV.   EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## V.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the Court will dismiss as meritless Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. The Court will not issue a certificate of appealability. An appropriate Order will be entered.